**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Jose VELASQUEZ, aka Jose Belasquez aka Jose Ramon Velasquez–Serna aka Jose Velasquez–Romero, Defendant–Appellant.**

No. 01–10206.

D.C. No. CR–98–00512–FRZ.

United States Court of Appeals,
Ninth Circuit.

Submitted Feb. 11, 2002.*

Decided Feb. 21, 2002.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before B. FLETCHER, T.G. NELSON and TALLMAN, Circuit Judges.

### MEMORANDUM**

Jose Velasquez appeals his 60–month sentence following a conviction by guilty plea for one count of conspiracy to possess with intent to distribute marijuana, in violation of 21 U.S.C. §§ 846 and 841(a)(1). We have jurisdiction pursuant to 18 U.S.C. § 3742, and we affirm.

Velasquez contends that the district court clearly erred by determining that he was a leader or organizer pursuant to U.S. Sentencing Guidelines Manual § 3B1.1(c). *See United States v. Lopez–Sandoval,* 146 F.3d 712, 716 (9th Cir.1998) (stating that a district court's determination of a defendant's role in an offense is reviewed for clear error). This contention lacks merit.

■ The district court here expressly found that Velasquez: had the authority to negotiate and organize drug transactions; exercised significant control over the proceeds of the drug sales that he organized; and that at least one person acted pursuant to his instructions. These findings were supported by a preponderance of the evidence and are sufficient to support the adjustment. *See United States v. Barnes,* 993 F.2d 680, 685 (9th Cir.1993) (concluding that adjustment is appropriate where defendant in a drug conspiracy case was principal negotiator, attended meetings, and set price); *see also* § 3B1.1, comment. (n.2) (stating that subsection (c) upward adjustment may be warranted where defendant did not control other participants, but "exercised management responsibility over the property, assets, or activities of a criminal organization").

■ Velasquez also contends that the district court erred by determining that he was not eligible for a downward adjustment under the safety valve provisions of U.S.S.G. § 5K1.1. This contention also lacks merit.

Because the district court properly determined that Velasquez was a leader or organizer pursuant to U.S.S.G. § 3B1.1(c), he is ineligible for safety valve relief. *See* U.S.S.G. § 5C1.2(4) (providing that the safety valve is not available to defendants who are the leader, organizer, manager, or supervisor of others in the offense).

**AFFIRMED.**

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

